UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ROBYN H. WILSON )
)
v ) NO: 2:06-CV-77
)
GMAC FINANCIAL SERVICES )
CORPORATION, *ET AL.* )
)

# **MEMORANDUM OPINION**

The plaintiff's complaint is before the Court on the motions to dismiss filed by two of the three defendants, Pinkerton Chevrolet, Inc. and ARI, Inc., of Asheville. [Docs. 7 and 17].

The plaintiff filed this action against GMAC Financial Services Corporation ("GMAC"), Pinkerton Chevrolet, Inc. ("Pinkerton") and ARI, Inc. of Asheville ("ARI"), asserting 11 causes of action against all of the defendants, those causes of action being:

1. Consumer Credit Protection Act
2. Fair Debt Collection Practices Act
3. Tennessee Consumer Protection Act
4. Conversion
5. Fraudulent inducement
6. Breach of Contract
7. Intentional infliction of emotional distress
8. Negligent infliction of emotional distress
9. Fraud
10. Gross negligence

11. Negligence

The plaintiff alleges that on or about June 15, 2000, he purchased a 2000 Chevrolet Monte Carlo from Pinkerton Chevrolet, Inc., in Salem, Virginia. An employee of Pinkerton prepared a financing agreement, by which the purchase of the vehicle was financed through GMAC. Mr. Wilson entered into "Retail Instalment Sale Contract" with GMAC providing for 35 payments beginning on July 23, 2000, and concluded with an optional one time payment of $14,089.83. Despite being entitled "Retail Instalment Sale Contract," the contract was in essence a lease agreement with an optional purchase at the end of the lease. Apparently through some error on the part of the Pinkerton employee, the due date for the final option payment written on the contract was "2,002,003" [*sic*].

The plaintiff alleges that he timely made all of his monthly payments under this installment contract, but that in June, 2002, GMAC contacted him with instructions to immediately return the vehicle. After unsuccessful attempts to explain that GMAC had made an error, the plaintiff returned the vehicle to Greystoke Chevrolet-Cadillac, Inc., ("Greystoke") in Johnson City, Tennessee. The vehicle was kept by Greystoke at GMAC's instruction for several weeks during which time Mr. Wilson continued to make timely payments on the vehicle until GMAC realized its error and released the vehicle back to Mr. Wilson. At the

end of the initial contract, Mr. Wilson returned the vehicle to Greystoke, having decided not to exercise his option to purchase the vehicle.

Mr. Wilson alleges that in October, 2003, a GMAC representative contacted him to advise him that he had purchased the vehicle and that he was in default on his payments. The plaintiff alleges that GMAC continued to threaten legal and financial consequences, which led Mr. Wilson to enter into a Refinancing Agreement with GMAC on or about November 8, 2003, for the purchase of the vehicle. Nevertheless, Mr. Wilson alleges that in June, 2004, GMAC again contacted him with instructions to return the vehicle, and once again threatened legal and financial consequences for noncompliance. In response, Mr. Wilson returned the vehicle to Greystoke, but GMAC returned the vehicle to him two months later.

Plaintiff alleges that he continued to timely pay his monthly payments to GMAC but that GMAC once again contacted him in June, 2005, demanding that the vehicle be returned. Mr. Wilson then refused to return the vehicle. On or about June 26, 2005, at the request of GMAC, ARI repossessed Mr. Wilson's vehicle and the vehicle was ultimately sold at auction on or about August 30, 2005.

The plaintiff alleges that GMAC, following the auction, demanded

additional monies representing the balance owed on the refinancing agreement, plus costs, and engaged in a course of conduct of harassment of Mr. Wilson and his relatives by calling and threatening legal actions and making disparaging remarks about Mr. Wilson.  Plaintiff alleges that GMAC also reported or caused to be reported to major credit bureaus the repossession of the vehicle.  As a result of GMAC's conduct, Mr. Wilson alleges that he suffered a stroke on or about September 1, 2005,  and that his credit has been irreparably damaged due to GMAC's actions.

Despite alleging that each of the three defendants is liable as to each of the 11 causes of action, the only allegations made in the complaint against Pinkerton and ARI are as follows:

> 8. On or about June 15, 2000 Mr. Wilson sought to finance the acquisition of a 2000 Chevrolet Monte Carlo with vehicle identification number 2G1WX12K2Y9358852 (hereinafter "the vehicle"), from Pinkerton Chevrolet, Inc., (hereinafter "Pinkerton") in Salem, Virginia.
>
> 9. On June 15, 2000, a financing representative of Pinkerton prepared a financing agreement wherein credit was extended to Mr. Wilson through General Motors Acceptance Corporation (hereinafter "GMAC").
>
> 11. The due date for the final optional payment on the

Initial Contract was scheduled for the year 2,002,003.[1] [2]

25. On or about June 26, 2005, at the request of GMAC, ARI, Inc. of Asheville (hereinafter "ARI") repossessed Mr. Wilson's vehicle. Mr. Wilson's vehicle was taken to Asheville, North Carolina and held by ARI. In order to recover his personal possessions from the vehicle, Mr. Wilson had to travel to Asheville, North Carolina to the holding facility of ARI.

26. Subsequent to the repossession, Mr. Wilson advised GMAC and ARI, Inc. of Asheville of their errors, requested return of the vehicle, and requested that the vehicle not be sold.

27. Despite Mr. Wilson's pleas, the vehicle was sold at auction on or about August 30, 2005.[3]

Both Pinkerton and ARI allege that the plaintiff has failed to make sufficient allegations against them for which relief could be granted. The Court will address each of the plaintiff's causes of action in turn and whether the plaintiff has stated a cause of action against these defendants as to each.

---

[1] Though this paragraph does not name either Pinkerton or ARI, the plaintiff's complaint does earlier allege that a financing representative of Pinkerton was the one who prepared the financing agreement with GMAC, and presumably then, would be the one who entered the erroneous final option payment date.

[2] Notably, the plaintiff's complaint merely alleges the date entered as the maturity date by Pinkerton, but does not allege that it was erroneous, was done intentionally, or in any way influenced GMAC's later actions toward the plaintiff. Furthermore, the plaintiff alleges that the contract indicated that it consisted of 35 equal payments and concluded with a one time lump sum payment. Accordingly the contract contained other terms by which the maturity date could easily be calculated.

[3] Though this paragraph of the complaint does not specifically name ARI, it could be inferred, drawing all reasonable inferences in favor of the plaintiff, that ARI facilitated the sale of the vehicle.

**Applicable Legal Standard**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle him to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the complaint must articulate more than a base assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

**Consumer Credit Protection Act**

The plaintiff simply alleges that the "defendants' actions have resulted in a violation of the Consumer Credit Protection Act as set forth in 15 U.S.C. §

1601 et. seq." The plaintiff does not describe which of the voluminous provisions of the Consumer Credit Protection Act he believes the defendants have violated. The defendants argue that they are not creditors of the plaintiff, and therefore, are not subject to the provisions of the Act. Clearly, there are no allegations in the complaint that ARI acted in any was as a creditor to the plaintiff. Likewise, the plaintiff does not allege that Pinkerton extended any credit to the plaintiff but merely alleges that Pinkerton prepared the financing agreement through which credit was extended from GMAC. However, there are cases in which car dealers, through their actions and the acquisition of credit on behalf of its customers have been held to be "creditors" under the Act, and thus subject to its requirements. *See e.g. Smith v. Lewis Ford, Inc.*, 456 F. Supp. 1138 (W.D. Tenn. 1978); *Whitlock v. Midwest Acceptance Corp.*, 575 F. 2d 652 (8th Cir. 1978). Nevertheless, even if Pinkerton is a creditor under the Act, the Court is not convinced that the plaintiff has made allegations sufficient to establish that Pinkerton has violated the Act. The most that can be inferred from the plaintiff's allegations is that an employee of Pinkerton made a typographical error in indicating the maturity date on the contract. In the plaintiff's response to Pinkerton's motion to dismiss, the plaintiff argues that this error by Pinkerton was what caused GMAC to erroneously believe the plaintiff was in default. However, the plaintiff does not point to how this even

arguably violates the Act.

The purpose of the Act, as indicated by its more commonly used title, the Truth In Lending Act, is to require the disclosure of certain credit terms in an effort to enable consumers to make more informed decisions and to protect consumers against inaccurate and unfair credit billing and credit card practices. 15 *U.S.C.* § 1601. The error made by Pinkerton was inconsequential given that it was not even an actual date, so no one could confuse the error as stating a different maturity date. Further, the maturity date was easily deduced from the fact that a beginning date is reflected and a total number of monthly payments is indicated. Therefore, the Court finds the plaintiff has failed to state a claim against Pinkerton or ARI under the Consumer Credit Protection Act.

**Fair Debt Collection Practices Act**

The plaintiff makes absolutely no allegations that Pinkerton made any effort to assist GMAC in its collection efforts and, therefore, even construing the complaint with all reasonable inferences in favor of the plaintiff, there is no basis under this complaint to find that Pinkerton can be construed as a "creditor" or "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 *U.S.C.* § 1692(a)(4), (6). Likewise, ARI, as a repossession agency, does not qualify as a "debt collector," under the FDCPA except in one limited

circumstance. *Montgomery v. Huntington Bank*, 346 F. 3d 693, 699 (6th Cir. 2003).

The only manner in which the FDCPA is applicable to ARI, as a repossession agency, is § 1692(f)(6) which prohibits non-judicial action to effect dispossession of property where there is not a present right to possession of the property claimed as collateral through an enforceable security interest. The plaintiff, in his response to the motion to dismiss, alleges that the plaintiff was not in default on his loan with GMAC and, therefore, GMAC did not have a right to possession through an enforceable security interest at the time the vehicle was repossessed by ARI. Apparently the plaintiff contends that, because GMAC did not have a right to possession, , § 1692(f)(6) applies to ARI in this instance. Nevertheless, the plaintiff's complaint makes no allegation that ARI knew or had any reason to know that GMAC did not have a present and enforceable right to enforce its security interest. Like the repossession agency in *Montgomery*, the plaintiff has not alleged a violation of § 1692(f)(6), but has only alleged that ARI was acting as a repossession agency for GMAC. *Id.* at 701. Therefore, the plaintiff's complaint fails to state a claim for a FDCPA violation as to either Pinkerton or ABI.

**Tennessee Consumer Protection Act**

Under the Tennessee Consumer Protection Act ("TCPA") a person may seek damages to compensate their losses "as a result of the use or employment by another person of an unfair or deceptive act or practice." *Tenn. Code Ann*. § 47-18-109. The Act prohibits those unfair or deceptive actions which affect "the conduct of any trade or commerce." *Tenn. Code Ann.* § 47-18-104(a). "Trade" or "commerce" is defined as "the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated." *Tenn. Code Ann*. § 47-18-103(11).

The plaintiff has not alleged that Pinkerton employed any unfair or deceptive act affecting the conduct of any trade or commerce. Likewise, the plaintiff has failed to allege that ARI has done anything which would amount to the "advertising, offering for sale, lease or rental," of anything. Further, it is unlikely that the plaintiff could ever make out a case for violation of the Act by a repossession agency simply for carrying out the act of repossession of a vehicle. *See Pursell v. First American National Bank*, 937 S.W. 2d 838, 841-42 (Tenn. 1996) (holding that the act of repossession by a bank was not conduct in the course of trade, commerce, or a consumer transaction). Therefore, the plaintiff's

complaint fails to make out a TCPA claim as to Pinkerton and ARI.

**<u>Conversion</u>**

"A creditor who wrongfully repossesses property may be held liable for conversion damages." *Davenport v. Bates*, 2006 WL 3627875 (Tenn. Ct. App. 2006) (citing *Harris Truck And Trailer Sales v. Foote*, 58 Tenn. Ct. App. 710, 719, 436 S. W. 2d 460, 464 (Tenn. Ct. App. 1968). Conversion requires "the appropriation of the thing to the party's own use and benefit, by the exercise of dominion over it, in defiance of plaintiff's right." *Mammoth Cave Prod. Credit Ass'n v. Oldham*, 569 S.W. 2d 833, 836 (Tenn. Ct. App. 1977). The plaintiff simply makes no allegations against Pinkerton that it was in any way involved in the conversion of his vehicle. Further, not only was ARI not the creditor, there is no allegation that it knew or had any reason to know that GMAC lacked the right to possess the property. Accordingly, the plaintiff's conversion claim must be dismissed as to Pinkerton and ARI.

**<u>Fraudulent Inducement</u>**

Plaintiff alleges in general that the defendants made material misrepresentations causing the plaintiff to sign the subsequent contract for the vehicle purchase with GMAC. However, the plaintiff alleges no factual basis for stating this cause of action against either Pinkerton or ARI, his allegations as to

fraudulent statements inducing the signing of the subsequent contract only referencing GMAC. No allegations are made that Pinkerton or ARI took any inducement actions or that privity of contract exists with these defendants. Accordingly, this claim against Pinkerton and ARI will be dismissed.

**Breach of Contract**

The plaintiff has made no allegation that he entered into any contract with either Pinkerton or ARI and, therefore, neither could be liable for breach of contract.

**Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress**

In order to set forth a *prime facie* case for intentional infliction of emotional distress, the plaintiff must allege "(1) the conduct complained of must be intentional or reckless (2) the conduct must be so outrageous that it is not tolerated by civilized society; and (3) the conduct complained of must result in serious mental injury." *Leach v. Taylor*, 124 S.W.3d 87, 92 (Tenn. 2004) (citing *Bain v. Wells*, 936 S.W. 2d 618 (Tenn. 1997). The Court finds that the plaintiff's complaint fails to set forth such allegations against Pinkerton or ARI. At most, the plaintiff's complaint alleges that Pinkerton made some type of typographical error in writing the maturity date on the contract and that ARI repossessed his vehicle at the direction of GMAC. Perhaps, had the plaintiff alleged that ARI knew, or had

reason to know, that GMAC had no right of possession over the plaintiff's vehicle, the result might be different. However, no such allegation is contained in the complaint.

In order to make out a *prime facie* case for negligent infliction of emotional distress, the plaintiff must establish the elements of duty, breach of duty, injury or loss, causation in fact and proximate cause. *Camper v. Minor*, 915 S.W. 2d 437, 446 (Tenn. 1996). Given that plaintiff only alleges that Pinkerton made a typographical error, that the correct information could be easily deduced from the contract, and that ARI, based upon the allegations in the plaintiff's complaint, had no reason to question the legality of its actions in repossessing the vehicle at the request of GMAC, the plaintiff has failed to set forth sufficient facts from which the Court can "conclude that the foreseeability and gravity of the potential harm to [the plaintiff] outweighs the burden on [Pinkerton and ARI] to prevent the harm from occurring." *See Lourcey v. Estate of Scott*, 146 S.W. 3d 48, 54 (Tenn. 2004). Accordingly, the plaintiff has not set forth sufficient facts to establish a breach of any duty by these defendants to the plaintiff. Furthermore, for the same reasons, the plaintiff's gross negligence and negligence claims against these defendants must fail.

**Fraud**

The plaintiff's complaint makes no allegation that either Pinkerton or ARI has acted in a fraudulent manner. "The elements of fraud are: (1) an intentional misrepresentation of a material fact, (2) knowledge of the representation's falsity, (3) an injury caused by reasonable reliance on the representation, and (4) the requirement that the representation involve a past or existing fact." *Healthcare Management Resources, LLC v. Carter*, 2007 WL 173907 (Tenn. Ct. App. 2007). The plaintiff has made no allegations of any intentional misrepresentations by either of these defendants and, therefore, this claim must be dismissed.

For all of the foregoing reasons, the motions to dismiss filed by Pinkerton and ARI will be **GRANTED**.

An order consistent with this opinion shall enter.

ENTER:

                                            s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE